1  DENNIS A. CAMMARANO/BAR NO. 123662
   CAMMARANO LAW GROUP
2  555 East Ocean Boulevard, Suite 501
   Long Beach, California  90802
3  Telephone:  (562) 495-9501
   Facsimile: (562) 495-3674
4  Email: dcammarano@camlegal.com

5  Attorneys for Plaintiff,
   TOKIO MARINE & NICHIDO FIRE INSURANCE CO., LTD.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| TOKIO MARINE & NICHIDO FIRE INSURANCE CO., LTD., | ) Case No.: |
|---|---|
| Plaintiff, | ) **COMPLAINT FOR NON-DELIVERY/DESTRUCTION OF CARGO; NEGLIGENCE; BREACH OF BAILMENT; BREACH OF CONTRACT; DECLARATORY RELIEF** |
| vs. | |
| MITSUI O.S.K. LINES, LTD.; BNSF RAILWAY COMPANY; and DOES 1 through 10, inclusive, | |
| Defendants. | |

Plaintiff alleges:

**JURISDICTIONAL ALLEGATIONS**

1.  This dispute involves an international, intermodal, import shipment of Cargo and thus, is a case in admiralty giving rise to the court's jurisdiction pursuant to 28 U.S.C. §1333(1) and Rule 9(h) of the Federal Rules of Civil Procedure, as hereinafter more fully appears.

2.  The case is governed by federal law, including the United States Carriage of Goods by Sea Act, 49 U.S.C. §1301 et. seq. and 28 U.S.C. 1367.

**GENERAL ALLEGATIONS**

3.  At all times material herein, Plaintiff  TOKIO MARINE & NICHIDO FIRE INSURANCE CO., LTD. (hereinafter "TMN") is an insurance corporation

with a place of business at c/o TM Claims Service, Inc., 800 East Colorado Boulevard, Pasadena, California 91109 and was the insurer of the Cargo described below and paid Epson for the loss claimed herein thereby becoming subrogated to the rights of Epson.

4. At all times material herein, Defendant MITSUI O.S.K. LINES, LTD. (hereinafter "MOL" or with Does "Defendants"), was a foreign corporation organized and existing under the laws of another country engaged in business as a common carrier of goods for hire between various foreign ports and ports in California with a United States headquarters at 10 Woodbridge Center Drive, Woodbridge, NJ 07095 and place of business in California at 879 West 190th Street, Suite 110, Gardena, CA 90248.

5. At all times material herein, Defendant BNSF RAILWAY COMPANY (hereinafter "BNSF" or with Does "Defendants"), was a foreign corporation organized and existing under the laws of the State of Delaware and was engaged in business as a common carrier of goods by rail for hire with an office located at 4000 Sheila St., Commerce, CA 90023.

6. Plaintiff has no knowledge of the true names and capacities of Defendants sued herein as Does 1 through 10 inclusive, except that Plaintiff is informed and believes, and on that basis alleges, the damage to the cargo was proximately caused by Defendants' wrongful acts. Plaintiff therefore sues these Defendants by such fictitious names and Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

7. Plaintiff is informed and believes, and on that basis alleges, that each of the Doe Defendants were at all times herein mentioned the agent, servant, employee or contractor of the other Defendants.

8. On or about May 26, 2016, and June 11, 2016, MOL and Does received a shipment of business printers ("Cargo") to be carried from Tokyo, Japan to Plainfield, Indiana, via Long Beach/Los Angeles, California in the same good

order and condition as when received.

9. The Cargo moved under waybills numbered MOLU12019126692 and MOLU14603675055 in containers TCLU2652773, CXDU1153793, TCNU4189937, TCLU6402556, and TEMU7414970.

10. On or about June 26, 2016, MOL tendered the Cargo to BNSF for carriage from Los Angeles to Chicago.

11. Defendants, and each of them, failed and neglected to carry, handle, monitor and deliver the Cargo and maintain its good order and condition as when received. To the contrary, a portion of the Cargo was never delivered and a portion delivered was a constructive total loss.

12. By reason of the foregoing, plaintiff has been damaged in the amount of $251,371.00, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefore.

## **FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**
### **(Non-Delivery of Cargo)**

13. Plaintiff refers to paragraphs 1 through 12, inclusive, of this Complaint and incorporates them herein as if fully set forth.

14. Defendants, and each of them, failed and neglected to discharge and deliver the Cargo to its intended destinations in the same good order and condition as when received. Instead, a portion of the Cargo was never delivered and another portion delivered as a constructive total loss.

15. By reason of the foregoing, plaintiff has been damaged in the amount of $251,371.00, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefore.

## **SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS**
### **(Negligence)**

16. Plaintiff refers to paragraphs 1 through 15, inclusive, of this Complaint and incorporates them herein as if fully set forth.

17. The loss and damage to the Cargo was directly and proximately caused by the negligence and carelessness of Defendants and each of them.

18. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has been damaged in the amount of $251,371.00, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefore.

## THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Breach of Bailment)

19. Plaintiff refers to paragraphs 1 through 18, inclusive, of this Complaint and incorporates them herein as if fully set forth.

20. The loss of the Cargo was directly and proximately caused by the acts and omissions of Defendants, and each of them, in violation of their statutory and common law duties and obligations as bailees to safely care for the Cargo and take adequate exception to its condition upon receipt.

21. As a direct and proximate result of these breaches by Defendants, Plaintiff has been damaged in the amount of $251,371.00, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefore.

## FOURTH CAUSE OF ACTION AGAINST BNSF
### (Breach of Contract)

22. Plaintiff refers to paragraphs 1 through 7, inclusive, of this complaint and incorporates them herein as though fully set forth.

23. On or about June 26, 2016, as agent for Plaintiff's insured, MOL entered into an agreement with BNSF wherein BNSF agreed to safely handle, store, count, transport, monitor and deliver the Cargo in the same good order and condition as when received.

24. Defendant materially and substantially breached their agreement by failing to deliver the Cargo in the same good order and condition as when received.

To the contrary, a portion of the Cargo was not delivered and another portion delivered was a constructive total loss.

25. BNSF was provided with written notice of claim within nine months of the loss and damage to the Cargo.

26. As a direct and proximate result of the material breach of contract by Defendants, Plaintiff has been damaged in the amount of $251,371.00, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite therefore.

## FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Declaratory Relief)

27. There is currently an actual controversy and dispute among Plaintiff and MOL and BNSF Railway Company involving the rights and responsibilities for a June 28, 2016 derailment in Texas and ensuing damage to the Cargo resulted. Plaintiff and MOL contend they are without fault, responsibility or blame for any of the damages suffered by Plaintiff as more fully described in the complaint of OOCL under case number 3:17-cv-02392-JFW-JEM, the allegations of which are incorporated by reference.

28. Plaintiff is informed and believes that BNSF Railway contends otherwise.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1. For general damages in the sum of $251,371.00, plus miscellaneous expenses, interest and costs;

2. For costs of suit herein;

//

//

3. For a judicial determination that BNSF Railway is obliged to indemnify and pay Plaintiff for the damages asserted herein and,

4. For such other and further relief as this court deems just and proper.

Dated: June 26, 2017                     CAMMARANO LAW GROUP

By: /s/ Dennis A. Cammarano
    Dennis A. Cammarano
    Attorneys for Plaintiff,
    TOKIO MARINE & NICHIDO FIRE INSURANCE CO., LTD.
    3412complaint062317.wpd

*Complaint for Non-Delivery/Destruction of Cargo, etc.*